IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STAMPIN' UP!, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>v.<br><br>DOLLAR TREE, INC., a Virginia corporation, et al.,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:23-cv-00423-RJS-JCB<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

The parties' Cross-Motions for Summary Judgment are before the court. For the reasons explained below, the court GRANTS Defendants Dollar Tree, Inc., Dollar Tree Stores, Inc., Dollar Tree Management, Inc., Dollar Tree Distribution, Inc., Dollar Tree Sourcing Company, LLC, and Greenbrier International, Inc. (collectively, Dollar Tree)'s Motion for Summary Judgment,[1] and the court DENIES Plaintiff Stampin' Up!, Inc.'s Motion for Summary Judgment.[2]

## FACTUAL BACKGROUND

The court draws the following facts from the parties' summary judgment briefing and attached exhibits. Because the court is considering cross-motions for summary judgment, it presents a neutral summary of the facts.[3] Unless otherwise indicated, the facts are not disputed.

---

[1] Dkt. 81, *Defendants' Motion for Summary Judgment* (*Dollar Tree's Motion for Summary Judgment*).

[2] Dkt. 80, *Plaintiff's Motion for Partial Summary Judgment as to Liability for Copyright Infringement* (*Stampin' Up!'s Motion for Summary Judgment*).

[3] *M.Z. v. Blue Cross Blue Shield of Ill.*, No. 1:20-cv-00184, 2023 WL 2634240, at *1 n.2 (D. Utah Mar. 24, 2023).

This is a copyright case.[4]  Plaintiff Stampin' Up! is a Utah corporation that designs, manufactures, and distributes craft goods and supplies, including stamps and stamp sets.[5] Defendants are separate corporate entities affiliated with the Dollar Tree brand.[6]  Dollar Tree Stores, Inc. runs discount retail stores around the country.[7]  Dollar Tree, Inc. is a holding company that has no employees or bank accounts.[8]  Dollar Tree Management, LLC provides legal, financial, and information technology support services to other Dollar Tree corporate entities.[9]  Dollar Tree Sourcing Company, LLC acquires inventory unrelated to Dollar Tree retail stores.[10]  Dollar Tree Distribution, Inc. provides warehousing and transportation services for Dollar Tree stores.[11]

---

[4] *See* Dkt. 1, *Verified Complaint for Copyright Infringement* (*Verified Complaint*).

[5] *See Dollar Tree's Motion for Summary Judgment, Undisputed Material Fact No. 10*; Dkt. 114, *Plaintiff's Response to Defendants' Motion for Summary Judgment (ECF 81 and ECF 83)* (*Stampin' Up!'s Summary Judgment Opposition*) at 12; *Stampin' Up!'s Motion for Summary Judgment, Undisputed Material Fact No. 5*; Dkt. 105, *Response to Plaintiff's Motion for Partial Summary Judgment as to Liability* (*Dollar Tree's Summary Judgment Opposition*) at 3.

[6] *See* Dkt. 83-12, *Declaration of Bradley Hunter* (*Hunter Declaration*).  In opposition to Dollar Tree's Motion for Summary Judgment, Stampin' Up! disputes how Defendants characterize their corporate roles.  *See Stampin' Up!'s Summary Judgment Opposition* at 4–12.  But Stampin' Up!'s arguments have no merit.  First, Stampin' Up! repeatedly cites several facts in the record in an effort to refute Defendants' assertions.  *Id.*  But the court finds the facts Stampin' Up! cites, even assuming their truth, do not contradict Dollar Tree's representations.  Second, Stampin' Up! argues the court should disregard the Hunter Declaration because it is an "attempt to inject new, never-before-provided declarations contradicting their earlier admissions."  *Id.*  The court rejects this argument because Federal Rule of Civil Procedure 56(c) provides a party may use a declaration in support of a motion for summary judgment so long as it is "made on personal knowledge, set[s] out facts that would be admissible in evidence, and show[s] that the . . . declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  The Hunter Declaration appears to satisfy these requirements, and Stampin' Up! makes no argument for why it does not.  The court therefore finds Stampin' Up! has failed to refute Dollar Tree's assertions related to the Dollar Tree corporate entities' roles and accepts them as true.

[7] *See Dollar Tree's Motion for Summary Judgment, Undisputed Material Fact No. 1*; *Stampin' Up!'s Summary Judgment Opposition* at 4.

[8] *Hunter Declaration* ¶ 5.

[9] *Id.* ¶ 6.

[10] *Id.* ¶ 8.

[11] *Id.* ¶ 7.  The parties also refer to this entity as "Dollar Tree Distributing, Inc."  *See Verified Complaint* at 1; Dkt. 53, *Defendants' Answer to Complaint* at 2.  The court refers to it as "Dollar Tree Distribution, Inc."

At issue in this case are three of Stampin' Up!'s named designs that belong to a line of stamp sets sold by Stampin' Up!.[12]  The named designs are (1) Flowing Flowers, (2) Honeybee Home, and (3) Dragonfly Garden.[13]  The court includes the images featured in Stampin' Up!'s Verified Complaint for reference:[14]

| Flowing Flowers | Honeybee Home | Dragonfly Garden |
| --- | --- | --- |

  

Stampin' Up! alleges the three named designs are registered under two group copyright registration numbers: VAu001440090 (Flowing Flowers and Honeybee Home) and VAu001394537 (Dragonfly Garden).[15]  Stampin' Up! also attached to its Verified Complaint what appear to be screenshots from the U.S. Copyright Office's website containing information about the two registrations.[16]  These screenshots do not depict the visual material Stampin' Up!

---

[12] *See Stampin' Up!'s Motion for Summary Judgment, Undisputed Material Fact No. 7*; *Dollar Tree's Summary Judgment Opposition* at 3.

[13] *See Verified Complaint* ¶ 20.  The court notes Stampin' Up! refers to one of the named designs inconsistently as "Flowing Flowers" and "Flowering Flowers."  *Compare e.g.*, *id.*, *with* Dkt. 1-1, *Public Catalog*.  For clarity, the court refers to this named design as "Flowing Flowers."

[14] *Verified Complaint* ¶ 20.

[15] *Dollar Tree's Motion for Summary Judgment*, *Undisputed Material Fact Nos. 12–14* (citing *Verified Complaint* and Dkt. 83-1, *Rebuttal Expert Report of Clarke B. Nelson* ¶¶ 17–18).

[16] *See Public Catalog*.

provided to the Copyright Office that Stampin' Up! sought to copyright.[17]  They instead offer

basic identifying information regarding the copyrights, such as their titles, registration numbers,

and dates of registration.[18]  The screenshots indicate Stampin' Up! registered the relevant

copyrights in 2019 and 2021.[19]

In 2022, Dollar Tree requested "stamp offerings" from various third-party vendors to sell

in its stores.[20]  One vendor responded with a quote for certain stamp sets.[21]  The vendor

warranted to Dollar Tree that its products complied with U.S. copyright laws, and having done

business with the vendor before, Dollar Tree accepted the quote and began selling three stamp

sets in some of its stores.[22]  According to Stampin' Up!, these three stamp sets were

unauthorized reproductions of its copyrighted works.[23]  Stampin' Up! alleges all Defendants

committed unlawful infringement by copying and reproducing Stampin' Up!'s copyrighted

---

[17] *Id.*

[18] *Id.*

[19] *Id.*  The court notes that, in its Opposition, Stampin' Up! contests that its registrations are "group registrations." *See Stampin' Up!'s Summary Judgment Opposition* at 12–14.  The court is not persuaded.  The screenshots Stampin' Up! attached to its Verified Complaint plainly establish its registrations are group registrations.  *See Public Catalog.*

[20] *Dollar Tree's Motion for Summary Judgment, Undisputed Material Fact No. 20* (citing Dkt. 83-3, *Defendants' Responses to Plaintiff's First Set of Interrogatories (Nos. 1–20)* (*Dollar Tree's Interrogatory Responses*) at 11–12). Stampin' Up! contests this fact (and other related facts) by arguing the vendors are Dollar Tree's "agents."  *Stampin' Up!'s Summary Judgment Opposition* at 14–16.  Stampin' Up! cites only Dollar Tree's interrogatory responses for this proposition, which do not indicate any third-party vendors are Dollar Tree's agents.  Nor does Stampin' Up! provide any legal authority for this proposition.  The court therefore rejects Stampin' Up!'s objections premised on its unsupported agency theory.

[21] *Dollar Tree's Motion for Summary Judgment, Undisputed Material Fact No. 21* (citing *Dollar Tree's Interrogatory Responses* at 11–12).

[22] *Dollar Tree's Motion for Summary Judgment, Undisputed Material Facts Nos. 22–25* (citing *Dollar Tree's Interrogatory Responses* at 11–12 & Dkt. 83-10, *Continuing Vendor Indemnification Agreement* at 2).  Stampin' Up! appears to contest the warranty's enforceability by arguing "[t]he cited warranty is a request of Defendants, not a written agreement of the [vendor]."  *Stampin' Up!'s Summary Judgment Opposition* at 16–17.  The court is unclear how this argument negates the signed warranty's enforceability.  Stampin' Up! also argues "[t]here is no evidence of record that [the vendor] did comply."  *Id.*  But whether the vendor complied is irrelevant; the warranty's existence is probative of Stampin' Up!'s culpability for infringement.  *See infra* § I(C).  The court therefore rejects Stampin' Up!'s objection.

[23] *Verified Complaint* ¶¶ 37–38.

works, as well as preparing, distributing, and selling the unauthorized reproductions.[24] Defendants dispute any infringement occurred.[25]

## PROCEDURAL HISTORY

Stampin' Up! brought this action on June 30, 2023, asserting against all Defendants one claim for copyright infringement under the Copyright Act.[26]  Upon stipulation of the parties, the court entered a preliminary injunction on July 25, 2023, directing Dollar Tree to take certain actions, including removing the allegedly infringing products from its stores.[27]  The parties engaged in fact and expert discovery that closed in May 2024 and September 2024, respectively.[28]  The parties then filed Cross-Motions for Summary Judgment,[29] which are fully briefed.[30]  The parties also filed three Evidentiary Motions related to the Motions for Summary Judgment: Dollar Tree's Motion to Strike certain evidence for discovery violations,[31] Stampin' Up!'s Motion to Strike Dollar Tree's Motion to Strike for failure to comply with the Local Rules,[32] and Dollar Tree's Motion to Exclude specific opinions and related testimony by Stampin' Up!'s expert, Scott Cragun.[33]  On July 1, 2025, the court provided an Oral Ruling

---

[24] *Id.* ¶¶ 37–41.

[25] *See Answer.*

[26] *Verified Complaint.*

[27] Dkt. 39, *Stipulated Preliminary Injunction.*

[28] Dkt. 69, *Third Amended Scheduling Order.*

[29] *Stampin' Up!'s Motion for Summary Judgment*; *Dollar Tree's Motion for Summary Judgment.*

[30] *Dollar Tree's Summary Judgment Opposition*; Dkt. 116, *Plaintiff's Reply in Support of Its Motion for Partial Summary Judgment as to Liability for Copyright Infringement (Stampin' Up!'s Summary Judgment Reply)*; Dkt. 125, *Defendants' Evidentiary Objections and Responses to Plaintiff's Reply in Support of Its Motion for Partial Summary Judgment (Evidentiary Objection)*; Dkt. 126, *Plaintiff's Response to Objection of ECF 125 (Evidentiary Objection Opposition)*; *Stampin' Up!'s Summary Judgment Opposition*; Dkt. 119, *Defendants' Reply in Support of Motion for Summary Judgment (Dollar Tree's Summary Judgment Reply).*

[31] Dkt. 74, *Defendants' Motion to Strike.*

[32] Dkt. 90, *Plaintiff's Motion to Strike Defendants' Motions (ECF 74 and 76).*

[33] Dkt. 77, *Defendants' Motion to Exclude the Report and Testimony of Damages Expert Scott W. Cragun.*

denying the parties' Motions to Strike and granting Dollar Tree's Motion to Exclude before receiving argument on the Cross-Motions for Summary Judgment,[34] which are now ripe for review.

## LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law."[35] The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."[36] "Judgment as a matter of law is appropriate when the nonmoving party has failed to make a sufficient showing on an essential element" of its claim for which it "has the burden of proof."[37] A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[38] A fact is material if it "might affect the outcome of the suit under the governing law."[39] When applying this standard, the court "view[s] the evidence and make[s] all reasonable inferences in the light most favorable to the nonmoving party."[40] In so doing, the court's "function is not [itself] to weigh the evidence

---

[34] Dkt. 129, *Minute Order*.

[35] Fed. R. Civ. P. 56(a).

[36] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citation modified).

[37] *Doe v. City of Albuquerque*, 667 F.3d 1111, 1122 (10th Cir. 2012) (citation omitted).

[38] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[39] *Id.*; *see also United States v. Simons*, 129 F.3d 1386, 1388 (10th Cir. 1997) ("The substantive law of the case determines which facts are material." (citation omitted)).

[40] *N. Nat. Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 629 (10th Cir. 2008).

and determine the truth of the matter but to determine whether there is a genuine issue for trial."[41]

Generally, a party opposing summary judgment cannot resist the motion based only on what is in its pleadings.[42]  Instead, the party must "set forth specific facts that would be admissible in evidence" at trial.[43]  If the nonmovant fails to do so, then "the moving party is entitled to a judgment as a matter of law."[44]  The specific facts "must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein."[45]  "A verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56 of the Federal Rules of Civil Procedure."[46]

"Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another."[47]  Each "moving party carries the burden of showing beyond a reasonable doubt that it is entitled to summary judgment."[48]  Even though a defendant "does not have the ultimate burden of persuasion at trial," when moving for summary judgment, a defendant has "both the initial burden of production . . . and the burden of establishing that summary judgment is appropriate as a matter of law."[49]  This burden may be met by demonstrating that the plaintiff "does not have enough evidence to carry its burden of persuasion

---

[41] *Liberty Lobby*, 477 U.S. at 249.

[42] *Celotex Corp.*, 477 U.S. at 324–25.

[43] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citation modified).

[44] *Celotex Corp.*, 477 U.S. at 323 (citation modified).

[45] *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992).

[46] *Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 1163 (10th Cir. 2021) (citation modified).

[47] *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979) (citation omitted).

[48] *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) (citation modified).

[49] *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002) (citation omitted).

at trial."[50]  As to the plaintiff, the court "must view the evidence presented through the prism of the substantive evidentiary burden."[51]

## ANALYSIS

The court begins by addressing Dollar Tree's Motion for Summary Judgment and then turns to Stampin' Up!'s Motion for Summary Judgment.

### I.    Dollar Tree's Motion for Summary Judgment

Dollar Tree moves for summary judgment on four questions: (A) the number of copyrighted works at issue; (B) the viability of Stampin' Up!'s actual damages theories; (C) willful infringement; and (D) the liability of certain Defendants.[52]  For the reasons explained below, the court grants Dollar Tree's Motion in its entirety.

### A.  Number of Works

Dollar Tree moves for summary judgment that there are only three copyrighted works at issue for the purpose of calculating statutory damages.[53]

A "copyright owner may elect . . . to recover . . . an award of statutory damages for all infringements involved in the action."[54]  If he elects to do so, the copyright owner is entitled to damages "of not less than $750 or more than $30,000" for each copyrighted work, "as the court considers just."[55]  The court must determine the number of works before awarding statutory

---

50 *Id.*

51 *Liberty Lobby*, 477 U.S. at 254.

52 *See Dollar Tree's Motion for Summary Judgment.*

53 *Id.* at 2, 8–18.

54 17 U.S.C. § 504(c)(1).

55 *Id.*

damages,[56] and summary judgment is an appropriate time to make that determination.[57]  The number of asserted works "is a mixed question of law and fact."[58]

### 1.  Dollar Tree's Evidentiary Objection

Before evaluating Dollar Tree's arguments on the number of copyrighted works, the court must first address a threshold matter: the effect of Stampin' Up's copyright deposits—the images provided to the Copyright Office when registering a copyright[59]—on the summary judgment record.

### i.    Background

Stampin' Up! included in its Verified Complaint three discrete named designs: (1) Flowing Flowers, (2) Honeybee Home, and (3) Dragonfly Garden.[60]  Within each named design are several sub-images; together, there are thirty sub-images across the three named designs.[61]  In the Verified Complaint, Stampin' Up! included a table where it placed the named designs next to copyright registration numbers.[62]  It introduced this table as follows: "Stampin' Up!'s Works of Authorship in its decorative designs include the following named designs with the corresponding United States copyright registrations ('Copyrighted Works')."[63]  For reference, the court provides the named designs as presented in the Verified Complaint below:[64]

---

[56] *See Seoul Broad. Sys. Int'l, Inc. v. Sang*, 754 F. Supp. 2d 562, 569 (E.D.N.Y. 2010).

[57] *Friedman v. Live Nation Merch., Inc.*, No. CV-11-02047-MWF-VBK, 2013 WL 12200651, at *4 (C.D. Cal. June 12, 2013), *aff'd*, 833 F.3d 1180 (9th Cir. 2016).

[58] *See, e.g.*, *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1277 (11th Cir. 2015).

[59] *See* 17 U.S.C. § 408.

[60] *Verified Complaint* ¶ 20.

[61] *Id.*

[62] *Id*.

[63] *Id.*

[64] *Id.*

Named Designs in Verified Complaint





In its simultaneously filed Injunction Motion, Stampin' Up! again included the three

named designs and introduced each as "Stampin' Up!'s Copyrighted Work":[65]

Named Designs in Injunction Motion





---

[65] *See* Dkt. 2, *Plaintiff's Motion for Temporary Restraining Order and Prelimianry* [sic] *Injunction* (*Injunction Motion*) at 15–16.

A plain reading of Stampin' Up!'s initial filings makes clear it intended to assert three copyrighted works, one for each named design.  But at some point, Stampin' Up! began advancing the theory that each individual sub-image within the named designs constituted a separate copyrighted work: in its Initial Disclosures provided on December 27, 2023, Stampin' Up! sought statutory damages for infringement of thirty copyrighted works,[66] and it reiterated that demand in its expert report dated June 27, 2024.[67]  And Stampin' Up!'s counsel, Todd Zenger, confirmed this account at oral argument.  Inquiring about the Initial Disclosures and expert report, the court asked, "[D]id you say that Dollar Tree infringed 30 works?"  And Mr. Zenger replied, "We did."[68]

But in its Motion for Summary Judgment filed on January 15, 2025, Stampin' Up! again changed course, arguing instead Defendants infringed on only eighteen works.[69]  Dollar Tree noted this inconsistency in its Opposition and provided a variety of reasons why it precludes granting summary judgment to Stampin' Up! on liability,[70] including that Stampin' Up!'s failure

---

[66] Dkt. 81-10, *Initial Disclosures of Plaintiff* (*Initial Disclosures*) at 3.

[67] Dkt. 83-2, *Expert Report of Scott W. Cragun* (*Cragun Report*) ¶ 44.  While the court makes no findings on this question, it notes a potential incentive for Stampin' Up! to inflate its number of copyrighted works.  "The Copyright Act allows only one award of statutory damages for any 'work' infringed."  *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 140 (2d Cir. 2010) (citing 17 U.S.C. § 504(c)(1)).  Pursuing thirty, or eighteen, infringed works would entitle Stampin' Up! to potentially receive millions of dollars in statutory damages while asserting only three copyrighted works would cap its award at $90,000 or $450,000 in the case of willful infringement.  *See* 17 U.S.C. § 504(c)(1)–(2).

[68] Dkt. 132, *Hearing Transcript* at 38:17–19.

[69] *See Stampin' Up!'s Motion for Summary Judgment* at 17–41.  The court notes Stampin' Up!'s assertion of thirty, and then eighteen, copyrighted works is inconsistent with its representations to the Copyright Office.  An applicant "may include up to ten works" in a single group registration.  37 C.F.R. § 202.4(c)(2).  Stampin' Up! alleges it has two group registrations relevant to this action: VAu001440090 and VAu001394537.  *Verified Complaint* ¶ 20.  According to the screenshots provided by Stampin' Up!, each registration contains ten works, three of which are Flowing Flowers, Honeybee Home, and Dragonfly Garden.  *See Public Catalog*.  If Stampin' Up! intended for the eighteen sub-images across the named designs to each constitute an individual copyrighted work, then it must have violated the regulation limiting each group registration to ten works.  While this issue is not squarely before the court, it is certainly probative of the fact that Stampin' Up! at one point believed Flowing Flowers, Honeybee Home, and Dragonfly Garden each constituted one copyrighted work.

[70] *Dollar Tree's Summary Judgment Opposition* at 16–21.

to produce its copyright deposits prevents the court from determining "whether the asserted works are actually included in [Stampin' Up!'s] asserted group registrations, and prevents a comparison of the deposits" to the allegedly infringing products.[71]

In support of its Reply, Stampin' Up! produced a declaration from one of its corporate officers, Merilee Hunt,[72] who also verified Stampin' Up!'s Complaint.[73]  Ms. Hunt stated, under penalty of perjury, that "[c]opies of the same 'decorative designs' depicted in paragraph 20 [of Stampin' Up!'s Verified Complaint] were submitted as deposits to the U.S. Copyright Office when pursuing the corresponding U.S. copyright registrations VAU001440090 and Vau001394537, see attached exhibits A, B and C, copies of copyright deposits."[74]  The court provides the deposits below[75]:

Copyright Deposits



---

[71] *Id.* at 18.

[72] Dkt. 116-2, *Declaration of Merilee Hunt* (*Hunt Declaration*).

[73] *See Verified Complaint* at 15.

[74] *Hunt Declaration* ¶ 3.  At a minimum, the Hunt Declaration includes at least one explicitly false statement because, as Mr. Zenger conceded at oral argument, Stampin' Up! never submitted "Plant Work No. 4" to the Copyright Office.  *See Hearing Transcript* at 36:10–14, 48:7–49:1.

[75] *Hunt Declaration* at 5, 7, 9.

In an Evidentiary Objection to Stampin' Up!'s Reply, Dollar Tree argues the Hunt
Declaration reveals Stampin' Up! "misrepresented its deposits and purposefully withheld
them."[76]  According to Dollar Tree:

> Dollar Tree relied on Plaintiff's representations in its Complaint, discovery
> responses, expert report, and motions to develop its defenses, serve discovery
> requests, move to exclude testimony, draft dispositive motions, and engage in
> settlement discussions for the last twenty months.  Then, [on March 5, 2025],
> Plaintiff submitted the Hunt Declaration depicting different copyright deposits.
> Only then did Plaintiff's seemingly arbitrary reduction of 30 asserted works to 18
> asserted works in its Motion make sense: Plaintiff discovered between its June 27,
> 2024 expert report and its January 15, 2025 motion for summary judgment that it
> had misrepresented its copyright deposits.[77]

On the record before it, the court finds Dollar Tree's argument persuasive.  The
differences between the named designs as presented in the Verified Complaint and the copyright
deposits are plainly evident.[78]  And Mr. Zenger corroborated this account in part by stating at
oral argument that he realized while preparing for summary judgment that the copyright deposits
differed from the named designs provided in the Verified Complaint.[79]

### ii.    Excluding the Copyright Deposits

Dollar Tree asks the court to exclude the copyright deposits as a sanction under Federal
Rule of Civil Procedure 37.[80]  For the reasons explained below, the court will do so.

---

[76] *Evidentiary Objection* at 3 (citation modified).

[77] *Id.* at 4.

[78] On May 21, 2025, after becoming aware of this inconsistency, the court ordered Stampin' Up!'s counsel "to
provide Defendants' counsel with certified copies of the copyright deposits for registration numbers VAu001440090
and VAu001394537."  Dkt. 127.  Stampin' Up! filed a Notice of Compliance on June 17, 2025.  Dkt. 128.

[79] *See Hearing Transcript* at 49:3–19.

[80] *Evidentiary Objection*.

Stampin' Up!'s failure to provide the copyright deposits until its Reply demonstrates a blatant violation of Federal Rule of Civil Procedure 26.[81]  Rule 26 governs a party's initial disclosures and the scope of discovery.  Under Rule 26(a), a party must provide in its initial disclosures "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses."[82]  Further, under Rule 26(e), a party must supplement or correct its Rule 26(a) disclosures upon learning they are incomplete or incorrect.[83]  And Rule 26(b) provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."[84]

Stampin' Up! likely violated Rule 26(a) when it failed to provide the copyright deposits with its Initial Disclosures because it possessed the deposits (as the material must be provided to the Copyright Office to obtain registration[85]), and Stampin' Up! should have known it might use the deposits to support its infringement claim.  In any event, Stampin' Up! now has used the deposits to support its claim but failed to supplement its Initial Disclosures in a timely manner in violation of Rule 26(e).[86]  In addition, Stampin' Up! violated Rule 26(b) because the copyright

---

[81] Stampin' Up! argues Dollar Tree's Evidentiary Objection is improper under the Local Rules because it is styled as a "response" and is an improper motion to exclude under Rule 37(c).  *Evidentiary Objection Opposition* at 7–8.  Stampin' Up! is incorrect.  DUCivR 7-1(b)(3) provides: "If new evidence is offered in a reply, an evidentiary objection must be filed . . . ."  This is the exact circumstance that has arisen here, and Dollar Tree's Evidentiary Objection is therefore proper.

[82] Fed. R. Civ. P. 26(a).

[83] Fed. R. Civ. P. 26(e).

[84] Fed. R. Civ. P. 26(b) (citation modified).

[85] *See* 17 U.S.C. § 408.

[86] *See* Dkt. 91, *Stampin' Up!'s Opposition to Dollar Tree's Motion to Strike.*  At the hearing, Mr. Zenger argued Stampin' Up! supplemented its disclosures "in our motion paper."  *Hearing Transcript* at 56:17–57:24.  The court rejects this argument on several grounds.  First, the Rule makes no mention of supplementing initial disclosures by service of a dispositive motion or a reply in support of such a motion.  Fed. R. Civ. P. 26(e).  Second, to accept Mr. Zenger's argument would reduce the purpose of the discovery rules to a nullity.  Rule 26 requires a disclosure supplement to occur "in a timely manner."  *Id.*  Here, where Stampin' Up! does not dispute that it relied on the

deposits are plainly relevant to its claim for infringement and at least responsive to Dollar Tree's
Request for Production No. 11.[87]

Having found at least one violation of Rule 26, the court now determines whether it must
exclude the belatedly provided evidence.  Where a party fails to provide required information
under Rule 26, "the party is not allowed to use that information . . . to supply evidence on a
motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[88]
When evaluating whether a Rule 26 violation is substantially justified or harmless, the court
considers the four factors articulated by the Tenth Circuit in *Woodworker's Supply, Inc. v.
Principal Mut. Life Ins. Co.*: "(1) the prejudice or surprise to the party against whom the
testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which
introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or
willfulness."[89]  Here, all four factors counsel in favor of excluding the copyright deposits.

<u>Prejudice and Suprise</u>

Dollar Tree, relying on a case from this District, argues a delay in disclosing evidence
until summary judgment, as has occurred here, constitutes prejudice.[90]  Stampin' Up! cites no
legal authority in opposition and instead argues there is no prejudice to Dollar Tree because

---

copyright deposits in support of its own Motion for Summary Judgement but deprived Dollar Tree of that same
opportunity, any supplement needed to occur long before service of its Motion.

[87] Dkt. 81-15, *Plaintiff's Responses to Defendants' Requests for Production 1-27 Suppl. with Production Nos.* at No.
11 (objecting to Dollar Tree's request for "All Documents and Things relating to the preparation, filing, and
prosecution of the Asserted Copyrights, Copyrighted Works, and/or Related Works").  The court overrules Stampin'
Up!'s objection to providing responsive documents because they are "equally available" to Dollar Tree.  Stampin'
Up! provides no legal authority to support this objection, and courts have rejected "equal availability" arguments.
*See United States v. Hopkins*, No. CIV 11-0416 JB/CG, 2012 WL 6846400, at *5 (D.N.M. Dec. 22, 2012)
(collecting cases).

[88] Fed. R. Civ. P. 37(c)(1).

[89] 170 F.3d 985, 993 (10th Cir. 1999) (citations omitted).

[90] *Evidentiary Objection* at 3–5 (citing *SME Steel Contractors, Inc. v. Seismic Bracing Co.*, 681 F. Supp. 3d 1181,
1231 (D. Utah 2023)).

Stampin' Up! "has limited its summary judgment request . . . to decorative graphic designs shown in [its] verified complaint and verified deposits."[91]

This argument demonstrates a fundamental misunderstanding of why a delay in disclosing evidence until summary judgment briefing constitutes prejudice. The correct inquiry is whether Stampin' Up! has hindered *Dollar Tree's* ability to prepare *its* defense,[92] not whether *Stampin' Up!* has properly confined its summary judgment request to material in which it owns copyrights.[93] Here, Stampin' Up!'s failure to disclose the deposits while simultaneously relying on them in support of its Motions constitutes prejudice because Stampin' Up! prevented Dollar Tree from relying on evidence critical to its arguments both in favor of its Motions and in opposition to Stampin' Up!'s Motions.

The court therefore agrees with Dollar Tree that, as a matter of law, Stampin' Up!'s failure to provide the copyright deposits until its Reply in support of its Motion for Summary Judgment nearly two years after initiating this lawsuit constitutes prejudice to Dollar Tree. Accordingly, the court finds this factor weighs in Dollar Tree's favor.

<u>Ability to Cure</u>

Requiring a party who violates Rule 26 to pay its opponent's attorneys' fees associated with reopening discovery is sometimes sufficient to cure prejudice.[94] But here, Dollar Tree argues the court cannot cure the prejudice it has suffered "without essentially redoing this entire

---

[91] *Evidentiary Objection Opposition* at 8. This statement is false because, as Mr. Zenger conceded at oral argument, Stampin' Up! never submitted "Plant Work No. 4" to the Copyright Office. *See Hearing Transcript* at 36:10–14, 48:7–49:1.

[92] *See, e.g.*, *Smith v. Dwire Co*, No. 04-CV-02182-WYD-MEH, 2006 WL 8454325, at *2 (D. Colo. Mar. 2, 2006); *Kelly v. Unifeed Hi-Pro, Inc.*, No. CV 10-700 MCA/RHS, 2011 WL 13289683, at *3 (D.N.M. Feb. 14, 2011).

[93] Pursuing a claim for copyright infringement in un-copyrighted material is obviously improper. *See Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 831 (10th Cir. 1993) (holding ownership of a valid copyright is an element of a copyright infringement claim).

[94] *See, e.g.*, *Greer v. Moon*, No. 2:24-CV-00421-DBB-JCB, 2025 WL 238923, at *2 (D. Utah Jan. 17, 2025).

case."[95]  Stampin' Up! fails to engage with this argument, instead contending "there is no need
for any cure" because Dollar Tree "chose not to seek any deposition discovery" from Ms. Hunt
so "[a]ny further discovery from" Ms. Hunt "is waived."[96]  Stampin' Up! does not support these
arguments with any legal authority, so the court disregards them.

The court agrees with Dollar Tree.  Stampin' Up! has premised over two years of
litigation, including the entirety of fact and expert discovery, as well as fully briefed Motions for
Summary Judgment and related Evidentiary Motions, on what appear to be false representations
in its Verified Complaint regarding the substance of Stampin' Up!'s copyrighted works.  To
allow Stampin' Up! a do-over, even with fee-shifting provisions in place, will not cure the harm
to Dollar Tree that would result from requiring it to litigate this case anew.  This factor therefore
weighs in Dollar Tree's favor.

Disrupting the Trial

Introducing new evidence at summary judgment constitutes disruption.[97]  While the court
has not yet set a trial date, all that remains before doing so is resolving the parties' Motions for
Summary Judgment.  It is this court's practice to hold a status and scheduling conference for the
purpose of fixing a trial date approximately thirty days after resolving dispositive motions if
claims survive for trial.  Reopening discovery and re-briefing dispositive motions as a result of
the newly disclosed evidence could delay the trial by many months or even years.  This factor
therefore weighs in Dollar Tree's favor.

---

[95] *Evidentiary Objection* at 5.

[96] *Evidentiary Objection Opposition* at 8–9.

[97] *See, e.g.*, *Henderson v. Nat'l R.R. Passenger Corp.*, 412 F. App'x 74, 83 (10th Cir. 2011); *see also Applied
Predictive Techs., Inc. v. MarketDial, Inc.*, No. 2:19-cv-00496-JNP-CMR, 2024 WL 309629, at *4 (D. Utah Jan. 26,
2024) (reopening discovery after dispositive motions filed constitutes disruption).

<u>Willfulness or Bad Faith</u>

Intentional conduct demonstrates willfulness.[98]  Here, Stampin' Up! repeatedly failed to disclose its copyright deposits and now attempts to avoid owning up to this mistake.  Despite clear-cut evidence to the contrary, Stampin' Up! has not admitted its copyright deposits differ from the images it presented as the copyrighted works in its Verified Complaint and summary judgment briefing.  Instead, Stampin' Up! has doubled down by (1) reducing the number of works on which it alleges Defendants infringed from thirty to eighteen and (2) submitting the Hunt Declaration, which appears to include at least one explicitly false statement related to the copyright deposits.[99]  These actions demonstrate willfulness because the logical inference is Stampin' Up! relied on the deposits to craft its litigation strategy while withholding them from its opponents and then attempted to paper over this conduct by offering an apparently false statement to the court.  This factor therefore also weighs in Dollar Tree's favor.

Because all four *Woodworker's* factors weigh in Dollar Tree's favor, the court finds Stampin' Up!'s failure to provide the deposits was not substantially justified or harmless and sustains Dollar Tree's Evidentiary Objection.[100]  Having excluded the deposits, the court now examines Dollar Tree's Motion for Summary Judgment on the number of copyrighted works.[101]

---

[98] *See SME Steel*, 681 F. Supp. 3d at 1232.

[99] *See supra* notes 74, 91.

[100] Dkt. 125.

[101] The court additionally concludes Stampin' Up! may not rely on the deposits in support of its claim for infringement in any subsequent motion or hearing, as well as at trial.  Fed. R. Civ. P. 37(c).  But because Rule 37(c) only requires the court disallow the party who failed to disclose the evidence—in this case, Stampin' Up!—from relying on it, Dollar Tree may use the deposits in any additional briefing should it find it necessary to do so.  The court may require further briefing to determine the effect of this sanction on the case, including whether Stampin' Up! has any viable claim for infringement.  As determining the legally protected elements of a copyrighted work is "a mixed issue of fact and law," *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 942 (10th Cir. 2002), this issue must be resolved before the case reaches a jury.

## 2.  The Compilation Tests

The Copyright Act protects "original works of authorship,"[102] including "compilation"

works.[103]  "All the parts of a compilation . . . constitute one work."[104]  To qualify as a

compilation, a work must meet three criteria: "(1) the collection and assembly of pre-existing

material, facts, or data; (2) the selection, coordination, or arrangement of those materials; and

(3) the creation, by virtue of the particular selection, coordination, or arrangement, of an original

work of authorship."[105]  The circuit courts have variously adopted two tests to determine whether

a work is a compilation for the purpose of calculating statutory damages: what Dollar Tree refers

to as the "composition" test[106] and the economic value test.[107]

Dollar Tree argues Stampin' Up!'s named designs—Flowing Flowers, Honeybee Home,

and Dragonfly Garden—each constitute a compilation, meaning there are only three copyrighted

works.[108]  The court considers Stampin' Up!'s works under each test to determine whether they

qualify as compilations.

---

[102] 17 U.S.C. § 102.

[103] 17 U.S.C. § 103.

[104] 17 U.S.C. § 504(c)(1) (citation modified).

[105] *Craft Smith, LLC v. EC Design, LLC*, 969 F.3d 1092, 1102 (10th Cir. 2020) (citation modified) (quoting *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 357 (1991)); *see also* 17 U.S.C. § 101 ("A compilation is a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship." (citation modified)).

[106] *Bryant*, 603 F.3d at 140–42; *Tattoo Art, Inc. v. TAT Int'l, LLC*, 794 F. Supp. 2d 634, 652–54 (E.D. Va. 2011), *aff'd*, 498 F. App'x 341 (4th Cir. 2012).

[107] *Yellow Pages*, 795 F.3d at 1278–80; *Walt Disney Co. v. Powell*, 897 F.2d 565, 569–70 (D.C. Cir. 1990).  The parties do not provide, and the court cannot locate, binding Tenth Circuit law on which test to apply.  The court additionally notes that the Fifth Circuit has held the economic value test is inconsistent with the Copyright Act's text.  *See UMG Recordings, Inc. v. Grande Commc'ns Networks, L.L.C.*, 118 F.4th 697, 720–24 (5th Cir. 2024). But the court need not reach this question because it finds Stampin' Up!'s works constitute compilations under both tests.

[108] *Dollar Tree's Motion for Summary Judgment* at 14–18.

i.    **Composition Test**

Under the composition test, the court focuses on whether the copyright holder "issued its
works separately, or together as a unit."[109]  In *Tattoo Art*, the copyright owner "organized his
tattoo designs, both for copyright registration and sale, into books."[110]  Each book consisted of
fifty sheets that in turn each "contain[ed] a number of individual tattoo images."[111]  While the
plaintiff sought statutory damages for each infringing image, the court concluded the plaintiff's
method of organizing the images into books both for registration and for sale demonstrated each
book was a compilation under the Copyright Act.[112]  The *Tattoo Art* plaintiff was therefore "only
entitled to one statutory damage award per book infringed."[113]

Dollar Tree argues Stampin' Up!'s stamp sets are similar to the books in *Tattoo Art*
because (1) Stampin' Up! registered its three named designs as three copyrighted works even
though they contained multiple images, like the *Tattoo Art* plaintiff registered each book
containing sheets of numerous images, and (2) Stampin' Up! "assigned each of the three asserted
works one Product ID [and] one product Name" and designed, marketed, and sold them as stamp
sets, not individual stamps, just like the *Tattoo Art* plaintiff organized his images into books for
sale.[114]

In opposition, Stampin' Up! fails to cite any evidence in the record in violation of Rule

---

[109] *Bryant*, 603 F.3d at 140–41.

[110] *Tattoo Art*, 794 F. Supp. 2d at 639.

[111] *Id.*

[112] *Id.* at 654.

[113] *Id.* (citation modified).

[114] *Dollar Tree's Motion for Summary Judgment* at 16–18.  Dollar Tree separately argues that Stampin' Up! "admits
that the 'protectible expression' in its works is 'the visual, composite design of each separate graphical artistic work'
including the 'arrangement and placement' of images within each work."  *Id.* at 16 (citation modified) (citing Dkt.
81-12, *Plaintiff's Responses to Defendants' Interrogatories 1-18* (*Stampin' Up!'s Interrogatory Responses*) at
No. 1).  According to Dollar Tree, this admission is sufficient to grant summary judgment in its favor on the number
of works.  *Id.*  The court need not reach this question and declines to do so.

56. Stampin' Up! argues its works are not like those in *Tattoo Art* because it "sells a set of stamps, not one stamp."[115]  According to Stampin' Up!, its stamps are "separable" and it "instructs its customers to separate them."[116]  And "[u]nlike the bound book of images of *Tattoo Art*, Stampin' Up!'s stamps are presented for separation and separate use."[117]  But Stampin' Up! cites no evidence in the record to support these contentions,[118] and this failure is dispositive.[119] And even if it had cited evidence in the record, the court would still find Stampin' Up!'s arguments unpersuasive.  Stampin' Up! sells sets of stamps like the artist in *Tattoo Art* sold books of tattoos; this is a similarity between the cases, not a difference.  In addition, as Dollar Tree notes in Reply, the *Tattoo Art* court focused on how the copyright holder organized and sold the tattoo designs, not how customers used them.[120]  Because the court finds Dollar Tree's arguments persuasive and Stampin' Up! has failed to rebut them, the court concludes Flowing Flowers, Honeybee Home, and Dragonfly Garden constitute three compilation copyrights under the composition test.

### ii.    Economic Value Test

The economic value test examines whether works have "separate economic value and copyright lives of their own,"[121] focusing on "where the market assigns value."[122]  In *Yellow Pages*, the plaintiff grouped individual photographs into collections corresponding to particular

---

[115] *Stampin' Up!'s Summary Judgment Opposition* at 26.

[116] *Id.* at 26–27.

[117] *Id.* at 27.

[118] *See id.* at 26–27.

[119] *See Doe v. Univ. of Denver*, 952 F.3d 1182, 1191 (10th Cir. 2020).

[120] *Dollar Tree's Summary Judgment Reply* at 9 (citing *Tattoo Art*, 794 F. Supp. 2d at 654).

[121] *Walt Disney*, 897 F.2d at 570.

[122] *Sullivan v. Flora, Inc.*, 936 F.3d 562, 572 (7th Cir. 2019).

subject matter.[123]  The plaintiff also registered, marketed, and distributed the photographs as collections, not individual photographs.[124]  The Eleventh Circuit concluded the plaintiff was entitled to one statutory damage award for each collection because it "chose to create, market, deliver, register, and describe [its] photos as collections" "organized by subject matter" and "not as individual photos," so "the photos' usefulness and economic value is derived from their collective nature, not their individuality."[125]

Dollar Tree argues Stampin' Up!'s stamp sets are like the collections in *Yellow Pages* because Stampin' Up! (1) "compile[d] images into themed stamp sets" like the collections in *Yellow Pages* were "organized by subject matter,"[126] (2) registered each stamp set, not each individual stamp, (3) marketed and sold only three products to its customers by "distribut[ing] Seasonal Sales Product Lists" that "describe[d] the asserted works as three stamps," and (4) admitted in its responses to Dollar Tree's interrogatories that "[t]he market is accustomed to acquiring the Plaintiff's original designs from Plaintiff at Plaintiff's price" for each stamp set, not each individual stamp.[127]

Stampin' Up! argues it "presents each stamp to the public for individual and independent use" such that "each stamp is viable on its own."[128]  It also argues "there is no evidence of record that the selected images of plants, insects and word phrases of each stamp set are inherently associated with each other" and each stamp may be used with stamps from a different set.[129]  As

---

[123] *See Yellow Pages*, 795 F.3d at 1260.

[124] *Id.* at 1277–78, 1281–82.

[125] *Id.* at 1278–79, 1282.

[126] *Dollar Tree's Motion for Summary Judgment* at 16 (citing Dkt. 83-8, *Exhibit 12* at 12 (Honeybee Home); *id.* at 9 (Flowing Flowers); *id.* at 3 (Dragonfly Garden)).

[127] *Id.* at 17–18.

[128] *Stampin' Up!'s Summary Judgment Opposition* at 27.

[129] *Id.*

before, Stampin' Up! fails to cite any evidence in the record to support its arguments.[130]  Its Opposition fails on this basis alone.  Furthermore, the court finds Dollar Tree has offered a persuasive case on the merits.  Even crediting Stampin' Up!'s argument that its sets are not themed, the court concludes Stampin' Up! "chose to create, market, deliver, register, and describe [its stamps] as collections" and "not as individual [stamps]" like the plaintiff in *Yellow Pages*.[131]  And as Dollar Tree notes in Reply,[132] Stampin' Up!'s argument that consumers may use the stamps interchangeably was rejected by the *Yellow Pages* court.[133]  The Eleventh Circuit explained that even though the plaintiff's "photos were eventually used individually," such use did not diminish the importance of the plaintiff's strategy "to distribute and publish the photos collectively."[134]  The court therefore finds Flowing Flowers, Honeybee Home, and Dragonfly Garden constitute three compilation copyrights under the economic value test.

For the reasons explained above, the court finds Dollar Tree has established it is entitled to judgment as a matter of law that Stampin' Up! has three compilation copyrights.  Stampin' Up! therefore is entitled to no more than three statutory damages awards should it prove infringement.

### B. Damages

Dollar Tree moves for summary judgment that Stampin' Up! has failed to establish actual damages such that, should Stampin' Up! prove infringement, it is limited to recovering statutory damages.[135]

---

[130] *See id.* at 27–28.

[131] *Yellow Pages*, 795 F.3d at 1278.

[132] *Dollar Tree's Summary Judgment Reply* at 9.

[133] *See Yellow Pages*, 795 F.3d at 1281–82.

[134] *Id.*

[135] *Dollar Tree's Motion for Summary Judgment* at 19–29, 39.

"The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages."[136]  A plaintiff seeking actual damages must establish a causal connection "between the infringement and the monetary remedy sought."[137]  Further, "the amount of damages may not be based on undue speculation . . . . [T]he owner must show that the thing taken had a fair market value."[138]

The question before the court is whether Stampin' Up! has any viable actual damages theory to present at trial.  The court finds it does not.  Stampin' Up! disclosed two damages theories during discovery: (1) an "approx[imate] $31 average licensing fee for each infringing sale" claimed in its Initial Disclosures,[139] and (2) an $11 per-unit lost license fee damages theory advanced by its expert Mr. Cragun.[140]  As to the second theory, the court provided an Oral Ruling excluding it under Federal Rule of Evidence 702 and *Daubert* at the July 1, 2025 hearing.[141]  Stampin' Up! therefore may not present that theory at trial.

As to the first theory, Dollar Tree argues Stampin' Up! "provided no documents, explanation, or witnesses to justify its $31 lost license fee theory" in response to Dollar Tree's interrogatories or requests for production.[142]  That is, according to Dollar Tree, Stampin' Up! "has no factual or legal basis to support a $31 lost license fee theory, or, indeed, to establish any

---

[136] 17 U.S.C. § 504(b).

[137] *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004).

[138] *On Davis v. The Gap, Inc.*, 246 F.3d 152, 166 (2d Cir. 2001).

[139] *Initial Disclosures* at 3.

[140] *Cragun Report* ¶ 41.

[141] Dkt. 129, *Minute Order*.

[142] *Dollar Tree's Motion for Summary Judgment* at 20.

fair market value for the Copyrighted Works."[143]  Stampin' Up! fails to meaningfully address this argument in opposition and does not cite with particularity any evidence in the record supporting its lost license theory.[144]  This is dispositive.  The court must grant Dollar Tree's Motion with respect to actual damages because, to resist summary judgment, a party must "set forth specific facts"[145] by referencing "an affidavit, a deposition transcript or a specific exhibit incorporated therein."[146]  The court need not "parse through the record" to uncover Stampin' Up!'s arguments.[147]  The court therefore grants Dollar Tree's Motion with respect to actual damages.

While Stampin' Up!'s failure to cite evidence in its argument is sufficient to grant Dollar Tree summary judgment on actual damages under Rule 56, even if the court examined the evidence cited by Stampin' Up! in its response to Dollar Tree's Statement of Undisputed Material Facts, the court would still grant the Motion.  To support its damages calculation, Stampin' Up! cites its Verified Complaint, the sales figures it provided in discovery, and Mr. Cragun's report.[148]  The court has already excluded the relevant portions of Mr. Cragun's Report, so it does not consider them here.[149]  And the facts alleged in the Verified Complaint and the sales figures presented in SU 200–08, assuming their truth and admissibility, do not independently establish a causal connection "between the infringement and the monetary remedy

---

[143] *Id.* at 22.

[144] *See Stampin' Up!'s Summary Judgment Opposition* at 20–24.

[145] *Adler*, 144 F.3d at 671.

[146] *Wichita Coca-Cola Bottling Co.*, 968 F.2d at 1024.

[147] *Univ. of Denver*, 952 F.3d at 1191.

[148] *See Stampin' Up!'s Summary Judgment Opposition* at 4–19.

[149] *See* Dkt. 129, *Minute Order.*

sought,"[150] nor is there any indication they represent the "fair market value"[151] of Dollar Tree's allegedly infringing use.  The court would therefore grant Dollar Tree's Motion for Summary Judgment with respect to damages if it reached the merits of the parties' arguments.

Should this case proceed to trial, Stampin' Up! is limited to pursuing statutory damages because (1) there is no evidence in the record supporting a theory of actual damages and (2) Stampin' Up! failed to oppose Dollar Tree's Motion for Summary Judgment as required by Rule 56.[152]

### C.  Willful Infringement

Dollar Tree seeks summary judgment that, assuming any infringement occurred, it was not willful.[153]  For the reasons explained below, the court grants the Motion in this respect.

Where a plaintiff proves a defendant engaged in willful infringement, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."[154] "To prove willfulness under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights."[155]  "A willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of

---

[150] *Polar Bear Prods.*, 384 F.3d at 708.

[151] *On Davis*, 246 F.3d at 166.

[152] At the July 1, 2025 hearing, the court expressed the initial view that if Stampin' Up! intends "to pursue a damages theory at trial beyond statutory damages," then Stampin' Up! must "file [a] motion in limine that demonstrates and that explains what it is you wish to introduce and with support by law that says that you can do it." *Hearing Transcript* at 101:21–102:1.  Upon further review of the parties' briefing, the court now clarifies that this written Memorandum Decision and Order granting Dollar Tree summary judgment on actual damages supersedes the court's preliminary comments.

[153] *See Dollar Tree's Motion for Summary Judgment* at 29–37.

[154] 17 U.S.C. § 504(c)(2).

[155] *Unicolors, Inc. v. Urb. Outfitters, Inc.*, 853 F.3d 980, 991 (9th Cir. 2017) (citation modified).

wrongdoing and who can almost be said to have actually known the critical facts."[156]  To establish willful blindness, the plaintiff must show the defendant (1) "subjectively believed that infringement was likely occurring" and (2) "took deliberate actions to avoid learning about the infringement."[157]  Proving a defendant merely "should have known" his acts constituted infringement only shows a defendant acted negligently, which is insufficient to establish willfulness.[158]

Dollar Tree argues Stampin' Up! has failed to prove willfulness because its only two bases for establishing willfulness are (1) "Defendants have known of Plaintiff's practice to copyright its visual expressions since 2009 when Plaintiff and Dollar Tree Stores were involved in a copyright dispute" and (2) "minimal due diligence including inserting an image of the Alleged Infringing Products into readily available image searching tools on the Internet provides search results including Plaintiff's stamp products bearing Plaintiff's copyright notice."[159]

Stampin' Up! fails to meaningfully engage with Dollar Tree's arguments or point with particularity to evidence in the record in opposition.[160]  Again, this is sufficient to grant Dollar

---

[156] *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769–70 (2011) (citation modified).

[157] *Luvdarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068, 1073 (9th Cir. 2013).

[158] *Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 833 (9th Cir. 2019).

[159] *Dollar Tree's Motion for Summary Judgment* at 30–31 (quoting *Stampin' Up!'s Interrogatory Responses* at No. 4).

[160] *See Stampin' Up!'s Summary Judgment Opposition* at 24–26.  The court notes Stampin' Up! twice misstates the applicable legal standard regarding willful infringement.  First, Stampin' Up! cites *D.C. Comics, Inc. v. Mini Gift Shop*, 912 F.2d 29, 35 (2d Cir. 1990), for the proposition that "[t]he burden is on the defendants to establish that any infringement was innocent."  *Stampin' Up!'s Summary Judgment Opposition* at 25.  But the Second Circuit was referring to "innocent infringement," an affirmative defense not asserted by Dollar Tree.  *See D.C. Comics, Inc.*, 912 F.2d at 35.  The Second Circuit does not mention "willfulness" at all.  *Id.*  Requiring Dollar Tree to prove any alleged infringement was innocent would therefore improperly shift Stampin' Up!'s burden to prove willfulness.  Second, Stampin' Up! argues "access to [a] copyrighted work can show willful blindness or reckless disregard and can be established by showing that the defendant had a reasonable opportunity to view the copyrighted work," citing *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1490 (10th Cir. 1993).  *Stampin' Up!'s Summary Judgment Opposition* at 25.  But *Autoskill* does not mention willful blindness or reckless disregard; it only discusses "access" as it relates to establishing whether copying has occurred, which is a separate element of a copyright infringement claim.

27

Tree's Motion with respect to willful infringement.  Stampin' Up! lists six alleged instances of "relevant factual evidence of Defendants' willful infringement to be presented at trial" but provides no citation to the evidentiary record where the court can locate those facts.[161]  In any event, the case law indicates a failure to use reverse image tools does not rise to the level of willfulness.[162]  The court therefore grants Dollar Tree's Motion with respect to willful infringement.[163]

### D.  Additional Entity Liability

Dollar Tree asks the court to grant summary judgment of no liability for Defendants Dollar Tree, Inc., Dollar Tree Distribution, Inc., Dollar Tree Management, LLC, and Dollar Tree Sourcing Company, LLC.[164]

"Anyone who violates any of the exclusive rights of [a] copyright owner . . . is an infringer of the copyright . . . ."[165]  But "the mere fact that there exists a parent-subsidiary relationship between two corporations" does not make "one liable for the torts of its affiliate."[166]  The court may disregard the corporate entity and pierce the corporate veil where "fraud or illegal

---

[161] *See Stampin' Up!'s Summary Judgment Opposition* at 25–26.

[162] *Mackie v. W. Valley Props., Inc.*, No. 22-CV-02663-TLT, 2024 WL 1219015, at *6 (N.D. Cal. Mar. 1, 2024).

[163] The court notes that Dollar Tree came forward with evidence suggesting it did not act willfully, such as the vendor's warranty that its products do not infringe on any copyrights, *Continuing Vendor Indemnification Agreement* at 2, and the fact that Dollar Tree promptly stipulated to a preliminary injunction prohibiting further sale of the allegedly infringing products, *Stipulated Preliminary Injunction*.  Stampin' Up! failed to refute these facts. Furthermore, even assuming the truth and admissibility of the facts presented by Stampin' Up!, the court agrees with Dollar Tree that, as a matter of law, they merely support an inference that Dollar Tree "should have known" its actions constituted infringement, which is insufficient to establish willfulness.  *See Erickson Prods.*, 921 F.3d at 833.  The facts alleged also do not support a finding that Dollar Tree was "actually aware" of any infringing activity or acted recklessly.

[164] *Dollar Tree's Motion for Summary Judgment* at 37–39.

[165] 17 U.S.C. § 501(a).

[166] *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (quoting 1 W. Fletcher, Cyclopedia of Law of Private Corporations § 33).

or inequitable conduct is the result of the use of the corporate structures"[167] or where "a subsidiary is a mere instrumentality of the parent."[168]  "The mere transportation of infringing goods inside the United States is not, in and of itself, an act of infringement."[169]

Dollar Tree argues the only proper Defendants in this action are Dollar Tree Stores, Inc., which "operates the retail stores under the Dollar Tree brand name,"[170] and Greenbrier International, Inc., which "selected and purchased" the allegedly infringing products and "employs the associates responsible for those tasks."[171]  According to Dollar Tree, the other named Defendants "have no role in the selection, manufacturing, purchase, marketing, sale, or importation" of the allegedly infringing products, so Stampin' Up! cannot prove they engaged in infringement.[172]

Dollar Tree contends (1) "Dollar Tree, Inc. is a holding company with no employees and no operational bank accounts;"[173] (2) "Dollar Tree Management, LLC provides support services, such as legal, financial, and information technology to Dollar Tree, Inc.'s direct and indirect subsidiaries;"[174] (3) "Dollar Tree Sourcing Company, LLC procures non-store related inventory;"[175] and (4) "Dollar Tree Distribution, Inc. provides warehouse and transportation services of Dollar Tree stores[] and was only involved in the distribution and warehousing" of

---

[167] *Luckett v. Bethlehem Steel Corp.*, 618 F.2d 1373, 1379 (10th Cir. 1980).

[168] *Key v. Liquid Energy Corp.*, 906 F.2d 500, 503 (10th Cir. 1990).

[169] *AK Futures LLC v. LCF Labs Inc.*, No. 8:21-CV-02121-JVS, 2022 WL 17887590, at *5 (C.D. Cal. Sept. 28, 2022) (citation modified).

[170] *Dollar Tree's Motion for Summary Judgment* at 38 (citing *Hunter Declaration* ¶ 10).

[171] *Id.* (citing *Hunter Declaration* ¶ 11).

[172] *Id.* (citing *Hunter Declaration* ¶¶ 5–8).

[173] *Id.* (citing *Hunter Declaration* ¶ 5).

[174] *Id.* (citing *Hunter Declaration* ¶ 6).

[175] *Id.* (citing *Hunter Declaration* ¶ 8).

the allegedly infringing products.[176]

Stampin' Up!'s arguments to the contrary are without merit.  Stampin' Up! first argues the four Defendants "act[ed] in concert with Dollar Tree Stores and Greenbrier to accomplish the sales and distribution of . . . the alleged[ly] infringing products."[177]  But the evidence cited by Stampin' Up! does not support this proposition and indeed has no bearing on the four Defendants' liability.[178]  Stampin' Up! also argues "Defendants now attempt to inject new, never-before-provided declarations" which "contradict earlier admissions" and should be rejected.[179]  But the court already explained why these arguments fail and need not address them again.[180]

In its Motion for Summary Judgment, Dollar Tree made a prima facie case that the four Defendants are not liable for copyright infringement.  As before, Stampin' Up! then had the obligation to "set forth specific facts" demonstrating there is a genuine dispute of material fact.[181]  Because it failed to do so, the four Defendants are entitled to judgment as a matter of law.  The court therefore grants Dollar Tree's Motion for Summary Judgment with respect to Defendants Dollar Tree, Inc., Dollar Tree Distribution, Inc., Dollar Tree Management, LLC, and Dollar Tree Sourcing Company, LLC and enters judgment in their favor.

---

[176] *Id.* (citing *Hunter Declaration* ¶ 7).

[177] *Stampin' Up!'s Summary Judgment Opposition* at 28.

[178] *See id.* at 4–12; 28–30.

[179] *Id.*

[180] *See supra* note 6.

[181] *Adler*, 144 F.3d at 671.

## II.    Stampin' Up!'s Motion for Summary Judgment

The court now turns to Stampin' Up!'s Motion for Summary Judgment.  Stampin' Up!

seeks summary judgment only on the question of Dollar Tree's liability.[182]

To prove copyright infringement, Stampin' Up! must show "(1) ownership of a valid

copyright, and (2) copying by [Defendants] of protected components of the copyrighted

material."[183]

Stampin' Up! fails to establish its entitlement to summary judgment for two independent

reasons.  First, Stampin' Up! moves for summary judgment that Dollar Tree infringed on

eighteen copyrighted works.[184]  But the court has already determined, as a matter of law,

Stampin' Up! has three compilation copyrights.[185]  Stampin' Up! does not argue liability for

three compilation copyrights in its Motion for Summary Judgment, which leaves the court with

no guidance as to the appropriate standard to apply when evaluating its claim.[186]  That is,

Stampin' Up! has failed to provide any way for the court to determine the "protected

components" of its copyrighted material.  The court therefore must deny Stampin' Up!'s Motion

for Summary Judgment for failure to meet its burden.

---

[182] *Stampin' Up!'s Motion for Summary Judgment* at 5.

[183] *Gates Rubber Co.*, 9 F.3d at 831 (citations omitted).

[184] *See Stampin' Up!'s Motion for Summary Judgment* at 17–41.  As previously mentioned, Mr. Zenger conceded at oral argument that one of the works on which Stampin' Up! requested summary judgment, "Plant Work No. 4," was never submitted to the Copyright Office.  *See Hearing Transcript* at 36:10–14, 48:7–49:1.  The court therefore construes Stampin' Up! as moving for summary judgment on seventeen copyrighted works.  Additionally, the court notes Stampin' Up! failed to correct this misrepresentation to the court until the hearing, which occurred several months after it filed its Motion for Summary Judgment.

[185] *See supra* § I(A).

[186] *See generally Stampin' Up!'s Motion for Summary Judgment*.

Second, as Dollar Tree notes in its Opposition,[187] Stampin' Up! failed to meet its burden to cite evidence in the record.[188] In an attempt to establish the protected components of its copyrighted works, Mr. Zenger proffered twenty-five pages of attorney argument without a single citation to the factual record.[189] This plainly violates Rule 56 and DUCivR 56-1, so the court denies Stampin' Up!'s Motion for Summary Judgment on this basis as well.[190]

## CONCLUSION

For the reasons explained above, the court:

- GRANTS Dollar Tree's Motion for Summary Judgment,[191] and

- DENIES Stampin' Up!'s Motion for Summary Judgment.[192]

SO ORDERED this 16th day of July 2025.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[187] *See Dollar Tree's Summary Judgment Opposition* at 9–11.

[188] *See Stampin' Up!'s Motion for Summary Judgment* at 17–41.

[189] *Id.* As discussed at oral argument, Stampin' Up! could have enlisted a designer to provide evidence in a declaration or affidavit related to its design process but failed to do so. *See Hearing Transcript* at 90:18–92:12.

[190] *See* Fed. R. Civ. P. 56(c) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ."); DUCivR 56-1(b)(4) ("Any factual references must cite to the Appendix."); *see also Celotex Corp.*, 477 U.S. at 323 ("Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.").

[191] Dkt. 81.

[192] Dkt. 80.