IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STAMPIN' UP!, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE, INC., a Virginia corporation, et al.,<br><br>Defendants. | **ORDER TO SHOW CAUSE**<br><br>Case No. 2:23-cv-00423-RJS-JCB<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

For the reasons explained below, the court ORDERS Stampin' Up! to show cause why the court should not impose sanctions against Merilee Hunt, Stampin' Up!, and/or its counsel, Todd Zenger.

## BACKGROUND

Plaintiff Stampin' Up!, Inc. filed this action on June 30, 2023, asserting one claim for copyright infringement under the Copyright Act.[1] The court incorporates by reference the detailed history of the case it provided in its recent Memorandum Decision and Order resolving the parties' Cross-Motions for Summary Judgment.[2] At the July 1, 2025 hearing and in its Memorandum Decision and Order,[3] the court referenced several instances of potential misconduct, which include (1) falsely representing the substance of Stampin' Up!'s copyrighted

---

[1] Dkt. 1, *Verified Complaint for Copyright Infringement* (*Verified Complaint*).

[2] Dkt. 133, *Memorandum Decision and Order*.

[3] *Id.*; Dkt. 129, *Minute Order*.

1

works in its Verified Complaint;[4] (2) providing Ms. Hunt's false statement in her Declaration;[5] (3) seeking summary judgment on uncopyrighted material;[6] and (4) advancing unsupported factual and legal contentions.[7]

## LEGAL STANDARDS

### Inherent Authority

The court possesses the inherent power to preserve the integrity of judicial proceedings by punishing abuses of the judicial process through the crafting and imposition of appropriate sanctions.[8] The Tenth Circuit instructs that "because of their very potency, inherent powers must be exercised with restraint and discretion."[9] Central to that discretion "is the ability to fashion an appropriate sanction for conduct which abuses the judicial process."[10] Permissible sanctions under the court's inherent power range from "outright dismissal" of an action to the "less severe sanction" of an assessment of attorneys' fees.[11]

"[B]ecause dismissal is such a harsh sanction, it is appropriate only" when clear and convincing evidence demonstrates "willfulness, bad faith, or some fault."[12] When a party perpetrates a fraud on the court, such as by committing perjury during discovery, the court may

---

[4] *Memorandum Decision and Order* at 17.

[5] *Id.* at 12 n.74, 16 n.91.

[6] Dkt. 132, *Hearing Transcript* at 36:10–14, 48:7–49:1.

[7] *See Memorandum Decision and Order* at 4 n.20, 27 n.160.

[8] *See Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1257 (10th Cir. 2015) ("A district court's inherent power to sanction reaches beyond the multiplication of court proceedings and authorizes sanctions for wide-ranging conduct constituting an abuse of process." (citation omitted)).

[9] *United States v. Akers*, 76 F.4th 982, 993 (10th Cir. 2023) (citation modified).

[10] *Id.* (citation omitted).

[11] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991) (citations omitted).

[12] *Xyngular v. Schenkel*, 890 F.3d 868, 873 (10th Cir. 2018) (citations omitted) (quoting *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005)).

order terminating sanctions.[13] When determining whether to order dismissal, the court may consider the following factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[14]

The court may "award attorney fees when a party's opponent acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'"[15] The court must "make a finding of bad intent or improper motive" before awarding fees,[16] and only fees incurred as a result of the misconduct may be awarded.[17]

### Federal Rule of Civil Procedure 11

Federal Rule of Civil Procedure 11(b) provides, in relevant part:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.][18]

---

[13] *See Chavez*, 402 F.3d at 1043–44.

[14] *Id.* at 1044 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

[15] *United States v. McCall*, 235 F.3d 1211, 1216 (10th Cir. 2000) (quoting *Sterling Energy Ltd. v. Friendly Nat'l Bank*, 744 F.2d 1433, 1435 (10th Cir. 1984)).

[16] *Mountain W. Mines, Inc. v. Cleveland-Cliffs Iron Co.*, 470 F.3d 947, 954 (10th Cir. 2006).

[17] *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 109–10 (2017).

[18] Fed. R. Civ. P. 11(b).

Under Rule 11(c), "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."[19] A court may impose sanctions sua sponte if it first orders the attorney, law firm, or responsible party to "show cause why conduct specifically described in the order has not violated Rule 11(b)."[20]

### Duty of Candor

The governing Utah Rules of Professional Conduct (URPC) impose an affirmative duty of candor on all attorneys practicing before the court.[21] URPC 3.3 states:

> A lawyer must not knowingly or recklessly . . . make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer . . . . A lawyer must not offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer has offered material evidence and the lawyer comes to know of its falsity, the lawyer must take reasonable remedial measures, including, if necessary, disclosure to the tribunal.[22]

The Rule imposes a special duty on lawyers "to avoid conduct that undermines the integrity of the adjudicative process."[23] And while a lawyer is not expected to be impartial, one "must not allow the tribunal to be misled by false statements of law or fact or evidence that the lawyer knows to be false."[24]

---

[19] *Id.* 11(c)(1).

[20] *Id.* 11(c)(3).

[21] Any attorney admitted to practice in the United States District Court for the District of Utah "must comply" with, among other thing, the Utah Rules of Professional Conduct. DUCivR 83-1.1(d). *See also* DUCivR 83-1.7 ("An attorney who is or has been a member of the court's bar or admitted pro hac vice is subject to the Local Rules of Practice, the Utah Rules of Professional Conduct, and the court's disciplinary jurisdiction.").

[22] Utah R. Pro. Conduct 3.3(a)–(b).

[23] *Id.* cmt. 2.

[24] *Id.*

Federal Rule of Civil Procedure 37

After the court has found a party failed to disclose or supplement its disclosures under Federal Rule of Civil Procedure 26, and that such a failure was not substantially justified or harmless, "the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial."[25] "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard . . . may order payment of the reasonable expenses, including attorney's fees, caused by the failure" and "may impose other appropriate sanctions" including "striking pleadings in whole or in part" and "dismissing the action or proceeding in whole or in part."[26]

**ORDER**

In response to this Order, Stampin' Up! should address the following matters:

1. Paragraph 20 of Stampin' Up!'s Verified Complaint includes a table depicting three named designs that Stampin' Up! verified under penalty of perjury are the three copyrighted works at issue in this case.[27] Stampin' Up! refers to the named designs as its "Copyrighted Works" and identifies them by design name, image, copyright registration number, and registration date.[28] It again displays the named designs in Paragraph 39 of the Verified Complaint, refers to them as Stampin' Up!'s "Copyrighted Works," and places them adjacent to what Stampin' Up refers to as "Defendants' Infringing Copies."[29]

    But the copyright deposits Stampin' Up! submitted to the United States Copyright Office demonstrate that the named designs included in Paragraphs 20 and 39 are not what Stampin' Up! registered for copyright protection.[30] Paragraphs 20 and 39 of the Verified Complaint thus falsely depict Stampin' Up!'s copyrighted works.

    a. Describe the reasonable inquiry Mr. Zenger undertook to satisfy his Rule 11 obligations with respect to the false statements in Paragraphs 20 and 39 of the Verified Complaint.

---

[25] Fed. R. Civ. P. 37(c)(1).

[26] Fed. R. Civ. P. 37(b)(2)(A); *id.* (c)(1).

[27] *Verified Complaint* ¶ 20.

[28] *Id.*

[29] *Id.* ¶ 39.

[30] *See Hearing Transcript* at 36:24–39:11, 51:18–52:2, 61:8–9.

b. When and how did Mr. Zenger learn that the images shown in Paragraphs 20 and 39 of the Verified Complaint were not Stampin' Up!'s copyrighted works?

   c. Did Mr. Zenger violate URPC 3.3 by failing to take remedial measures when he learned of the false statements?

2. Along with its Reply in support of its Motion for Summary Judgment, Stampin' Up! produced a declaration from one of its corporate officers, Merilee Hunt,[31] who also verified Stampin' Up!'s Complaint.[32] Ms. Hunt stated in the declaration, under penalty of perjury, that "[c]opies of the same 'decorative designs' depicted in paragraph 20 [of Stampin' Up!'s Verified Complaint] were submitted as deposits to the U.S. Copyright Office when pursuing the corresponding U.S. copyright registrations VAU001440090 and Vau001394537, see attached exhibits A, B and C, copies of copyright deposits."[33] This statement is false.

   a. Describe the reasonable inquiry Mr. Zenger undertook to satisfy his Rule 11 obligations with respect to this false statement.

3. Stampin' Up! moved for Partial Summary Judgment on "Plant Work 4."[34] Plant Work 4 is not present in the deposits submitted to the Copyright Office.[35]

   a. What Rule 11 basis did Mr. Zenger possess for the legal contention that Stampin' Up! was entitled to summary judgment on Plant Work 4?

4. In its Opposition to Defendants' Motion for Summary Judgment, Stampin' Up! attempts to resist summary judgment, in part, by asserting an agency theory.[36]

   a. What Rule 11 factual and legal basis did Mr. Zenger possess when he asserted that legal contention?

5. In its Opposition to Defendants' Motion for Summary Judgment, Stampin' Up! cites *D.C. Comics, Inc. v. Mini Gift Shop*, 912 F.2d 29 (2d Cir. 1990), for the proposition that "[t]he burden is on the defendants to establish that any infringement was innocent."[37] But the Second Circuit was referring to "innocent infringement," an affirmative defense not

---

[31] Dkt. 116-2, *Declaration of Merilee Hunt* (*Hunt Declaration*).

[32] *See Verified Complaint* at 15.

[33] *Hunt Declaration* ¶ 3.

[34] Dkt. 80, *Plaintiff's Motion for Partial Summary Judgment as to Liability for Copyright Infringement* at 25–26.

[35] *Hearing Transcript* at 36:10–14, 48:7–49:1.

[36] Dkt. 114, *Plaintiff's Response to Defendants' Motion for Summary Judgment (ECF 81 and ECF 83)* (*Stampin' Up!'s Summary Judgment Opposition*) at 14–17.

[37] *Id.* at 25.

asserted by Dollar Tree.[38] Stampin' Up! also cites *Autoskill, Inc. v. Natl' Educ. Support Sys., Inc.*, 994 F.2d 1476 (10th Cir. 1993), for the proposition that "access to [a] copyrighted work can show willful blindness or reckless disregard and can be established by showing that the defendant had a reasonable opportunity to view the copyrighted work."[39] *Autoskill* does not mention willful blindness or reckless disregard.[40]

    a. What Rule 11 basis did Mr. Zenger possess for ascribing these propositions to the cited cases?

Stampin' Up! shall file its response to this Order within fourteen days. The response, which shall not exceed fifteen pages, shall take the form of a sworn Declaration by Mr. Zenger. Mr. Zenger must also certify in his response that a copy of this Order was provided to Stampin' Up! and to Ms. Hunt.

    SO ORDERED this 18th day of July 2025.

                                                     BY THE COURT:

                                                   ROBERT J. SHELBY
                                                   United States Chief District Judge

---

[38] *See D.C. Comics, Inc.*, 912 F.2d at 35.

[39] *Stampin' Up!'s Summary Judgment Opposition* at 25.

[40] *See generally Autoskill, Inc.*, 994 F.2d 1476 (10th Cir. 1993).